# KRONENBERGER ROSENFELD

July 20, 2025

Hon. Alex G. Tse, Magistrate Judge
450 Golden Gate Avenue
Courtroom A—15th Floor
San Francisco, CA 94102

**VIA ECF**

RE:   *In Re. 17 U.S.C. §512(h) Subpoena to Cloudflare, Inc.* **(Shueisha Inc.),**
      Case No. 3:25-mc-80147-AGT
      Joint Discovery Letter re: Non-Party John Doe's Motion to Quash Shueisha's
      DMCA Subpoena to Cloudflare, Inc., or in the Alternative, for a Protective Order

Dear Hon. Judge Tse:

      Pursuant to the Court's Civil Standing Order, Part VII(B), Non-Party (Cloudflare Affected User) John Doe ("Doe") and Petitioner Shueisha Inc. ("Petitioner" or "Shueisha") hereby submit their joint statement regarding Doe's Motion to Quash in Part Petitioner's 17 U.S.C. §512(h) (DMCA) Subpoena to Cloudflare, Inc., or in the Alternative, for a Protective Order ("Motion to Quash").

Sincerely,

| KRONENBERGER ROSENFELD, LLP | GAMMA LAW, P.C. |
|---|---|
| s/ Leah Rosa Vulić | s/ Marco Martemucci |
| Leah Rosa Vulić (SBN 343520) | Marco Martemucci (SBN 255054) |
| 548 Market St. #85399 | One Sansome Street, Suite 3500 |
| San Francisco, CA 94104 | San Francisco, California 94104 |
| Telephone: (415) 955-1155 | Tel.: 415.901.0510 |
| Facsimile: (415) 955-1158 | Fax: 415.901.0512 |
| leah@kr.law | MMartemucci@gammalaw.com |
| Attorneys for Non-Party John Doe | |

1.  **Attestation of Meet-and-Confer Compliance**
    On July 2, 2025, counsel for Doe and counsel for Petitioner met and conferred via Zoom regarding Doe's Motion to Quash. Despite good faith efforts, they could not resolve this dispute.
2.  **Parties' Respective Positions**
    a.  **Doe's Position**
    This case involves a takedown notice and subpoena requested by Shueisha and issued under the Digital Millennium Copyright Act, 17 U.S.C. §512 ("DMCA") (unless otherwise stated, all U.S.C. references herein are to Title 17). Because Cloudflare is not a proper DMCA target and for other reasons, the Subpoena should be quashed.
       i.  **Shueisha's Alleged Copyrights and Doe's URLs**
       Shueisha, a Japanese entertainment publisher of "mangas," alleges it holds copyrights to mangas copied, published, displayed, or distributed without authorization on websites using Cloudflare's services. (Nakajima Decl. ¶3 [D.E. 1-2].)[1] Doe, a non-U.S. website administrator, owns the domains mangajikan.com and alammanga.com ("Domains"), which were both used for the same Japanese-language site and are registered and administered outside the U.S.; U.S. IP addresses were always blocked from accessing the Domains. (Doe Decl. ¶2.)[2] Cloudflare provided only DNS and CDN services and cannot remove content from these Domains. (Doe Decl. ¶¶3-4, 11; Vulić Decl. ¶¶5-10 & Exs. C, D.)
       ii. **Notice and Takedown; Subpoena.**
       Under the DMCA, a copyright holder or agent may request a subpoena to identify an alleged infringer after issuing a takedown notice. §512(c)(3)(A), (h). On June 5, 2025, Shueisha's counsel sent a takedown notice to Cloudflare. [D.E. 1-3.] On June 10, 2025, Shueisha requested a DMCA subpoena to Cloudflare, which the Clerk issued June 12 ("Subpoena")[3]. [D.E. 3.] Although the Subpoena seeks data for dozens of URLs, only the first two URLs in the Subpoena are at issue here. Doe now seeks to quash the Subpoena or obtain a protective order.[4]
       iii. **Shueisha lacks authority to issue the takedown or request the subpoena.**
       Shueisha inconsistently claims to be the "authorized holder" or representative of the copyrights but provides no evidence of legal authority to issue the takedown notice or subpoena, nor evidence of a registered U.S. copyright. [D.E. 1.] Its evidence requires scrutiny (*see* n. 1).
       iv. **Shueisha's Subpoena is fatally and incurably defective.**

---

[1] The court must scrutinize the plaintiff's evidence to ensure a *prima facie* case has been made before unmasking an anonymous litigant. See *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004). For purposes of this letter, Doe recites Shueisha's allegations as true, but does not concede to their truth and invites further factual inquiry. Shueisha has not submitted any concrete evidence the alleged content ever existed on the Domains. Shueisha should be required to submit complete and properly authenticated evidence for the alleged infringement. Doe denies any fact not explicitly admitted in his declaration submitted herewith.

[2] Courts in the Ninth Circuit routinely rely on evidence submitted in Doe declarations at this stage, and especially at this posture (anonymous party moving to quashing subpoena for identifying information). *See, e.g., Art of Living Found. v. Does 1-10*, No. 10-CV-05022-LHK, 2011 WL 5444622, at *9 (N.D. Cal. Nov. 9, 2011).

[3] That Cloudflare itself did not move to quash the Subpoena shows nothing. Cloudflare need only object (and likely did) to the Subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B).

[4] Due to page limitations, Doe requests the Court consider the takedown notification's compliance with all provisions of §512(c)(2) and reserves the right to address additional deficiencies.

Courts first assess subpoena validity. *Matter of Cox Commc'ns, LLC*, No. MC 23-00263 JMS-WRP, 2023 WL 6907124, at *2 (D. Haw. Aug. 31, 2023), *report and recommendation adopted sub nom. In re Cox Commc'ns, LLC*, No. CV 23-00426 JMS-WRP, 2024 WL 341069 (D. Haw. Jan. 30, 2024), *clarified on denial of reconsideration*, No. CV 23-00426 JMS-WRP, 2024 WL 1836258 (D. Haw. Apr. 26, 2024) ("*Cox*"). A valid §512(h) subpoena request must include a copy of the takedown notification complying with *all* §512(c)(3)(A) requirements. *See Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1112 (9th Cir. 2007) (emphasis in original). The DMCA notification is a mandatory part of the subpoena request and a condition precedent to issuance of a subpoena. *Cox* at *3. Shueisha's takedown notice fails this standard.

First, Cloudflare is not a proper DMCA target in this instance because here, it *only* provides DNS and CDN services to the Domains and *cannot* remove or disable access to content. (Doe Decl. ¶¶3-4, 11; Vulić Decl. ¶¶5-10 & Exs. C, D.) A §512(c)(3)(A) notice must be issued to an ISP which *stores* the materials on its servers and has the *ability to remove or disable access to* the content; federal courts have repeatedly held that DMCA subpoenas cannot compel disclosure from service providers acting solely as conduits or CDNs, as they do not host or control the allegedly infringing content. *See Cox* at *3, citing *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1236 (D.C. Cir. 2003). This critical requirement is not met, and the Subpoena must be quashed.

Second, the takedown notification must identify the copyrighted work claimed infringed. §512(c)(3)(A)(ii). This burden is placed squarely on the owners of the copyright. *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1022 (9th Cir. 2013). Shueisha identified the "Original Work" only by a webpage that does not clearly specify a single work or portion, leaving Cloudflare, Doe, and the Court without adequate notice. [D.E. 1-3; Vulić Decl. Exs. E, F.] This renders the notice ineffective.

Third, the notice must include a statement of a good faith belief that the use is unauthorized, considering fair use. §512(c)(3)(A)(v). Because fair use is not just excused by the law, it is *wholly authorized* by the law, a copyright holder *must* consider fair use before sending a takedown notice. *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151-53 (9th Cir. 2016) (emphasis added). Shueisha did not consider fair use before it issued the Takedown Notice [*see* D.E. 1-3], and the Subpoena must be quashed on this additional basis.

Because the Takedown Notice did not substantially comply with §512(c)(3)(A), it was ineffective and cannot support a §512(h) subpoena. This defect is incurable since the infringing material must be available to be removed for the notice to have effect. *Maximized Living, Inc. v. Google, Inc.*, No. C11-80061 MISC CRB, 2011 WL 6749017, at *6 (N.D. Cal. Dec. 22, 2011); *In re DMCA Subpoena to eBay, Inc.*, No. 15CV922-BEN-MDD, 2015 WL 3555270, at *3 (S.D. Cal. June 5, 2015). The Website ceased operations in June 2025 and all content was removed, so Shueisha cannot issue a new takedown notice. The Subpoena must be quashed as invalid.

**v. There is no copyright infringement because Doe's use was fair use.**

A claimant must show ownership of the infringed material and violation of exclusive rights §106. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Fair use is not infringement. *See Lenz*, 815 F.3d at 1151. Courts weigh the fair use factors codified at §107 (*Nat'l Fire Prot. Ass'n, Inc. v. UpCodes, Inc.*, 753 F. Supp. 3d 933, 954 (C.D. Cal. 2024).

Here, Doe's Website was non-commercial, transformative, and allowed user submissions. (Doe Decl. ¶¶8, 10.) Shueisha itself provides free access to the latest chapters of ONE PIECE, and offers no evidence of market effect. (Doe Decl. Exs. A-B.)

**vi. Petitioner's Subpoena is improper and any copyright litigation would be futile.**

The Domains are registered and operated entirely outside the U.S.; U.S. users were blocked; no evidence of U.S. copyright registration or market effect exists. (Doe Decl. ¶2.) The authority confirms: U.S. courts lack jurisdiction over purely foreign conduct. *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1090 (9th Cir. 1994) and *Perfect 10, Inc. v. Yandex N.V.*, 962 F. Supp. 2d 1146, 1153 (N.D. Cal. 2013); *see also Cognosphere Pte. Ltd. v. X Corp.*, No. 23-MC-80294-PHK, 2024 WL 4227594, at *4 (N.D. Cal. Sept. 18, 2024) (copyright infringement lawsuit requires registration). Territoriality principles and futility of infringement litigation in the U.S. require quashing the Subpoena.

### vii. If not quashed, the Subpoena must be narrowed and a protective order entered.

The DMCA subpoena's purpose is to identify the infringer. *See Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1152 (N.D. Cal. 2013). Requests not directly identifying Doe must be rejected as irrelevant and beyond DMCA scope. §512(h)(3). Requests for billing/payment, server/hosting, DNS/NS records, other accounts, IP logs, and access logs, should be stricken. *See Cognosphere Pte. Ltd.*, 2024 WL 4227594, at *2 (citing Fed. R. Civ. P. 45(d)(3) (district court has broad discretion to craft discovery).

If the Court does not quash the Subpoena entirely, Doe requests that the Court limit the disclosure and use to this case only, to protect Doe's privacy and prevent unnecessary harm, and enter a protective order keeping Doe's identity Confidential – Attorney's Eyes' Only. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 25-CV-03116-AMO, 2025 WL 1866341, at *3 (N.D. Cal. July 7, 2025). (Doe Decl. ¶¶21-22.)

Doe reserves all other rights and defenses.

### b. Petitioner's Position

Doe appears to be an operator of multiple websites built around the infringement of copyrighted material, including Shueisha's internationally renowned mangas. Doe is able to continue their illegal practices only by preserving their anonymity and avoiding copyright enforcement actions. The unmasking of infringers like Doe is essential to the protection of the copyrights. Defenses to the substantive allegations are best addressed in litigation, not on a motion to quash that, if granted, would allow Doe to escape consequences for its repeated infringement.

### i. The DMCA Subpoena Process Was Designed to Identify Anonymous Infringers

Congress enacted §512(h) to provide copyright holders a streamlined mechanism to identify anonymous online infringers. The statutory framework anticipates exactly this type of case: where a known ISP (here, Cloudflare) provides services to operators of infringing websites who hide behind anonymity. Denying enforcement of the subpoena would undermine the DMCA's intended function. *See Cognosphere Pte. Ltd. v. X Corp.*, No. 23-MC-80294-PHK, 2024 WL 4227594, at *2 (N.D. Cal. Sept. 18, 2024) ("The DMCA's purpose is to identify copyright infringers who use the services of an internet service provider…"). Shueisha seeks to use its DMCA subpoena for the purpose Congress intended: to unmask copyright infringers.

### ii. Petitioner Demonstrated Authority to Issue the Takedown Notice and Subpoena

Doe's assertion that Shueisha failed to prove its status as the copyright holder or its authority to issue a takedown notice is meritless. Under 17 U.S.C. § 512(h), a petitioner may request a subpoena by submitting (1) a copy of a DMCA-compliant notification under §512(c)(3)(A), (2) a proposed subpoena, and (3) a sworn declaration. Shueisha submitted all three and was issued a subpoena.

For a petitioner to show ownership of the allegedly infringed material, the petitioner must "plausibly allege it owns a valid copyright registration for its work." *Malibu Textiles, Inc. v. Label*

*Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) (citation omitted). A sworn declaration asserting ownership or representation of the copyrights is sufficient at this stage. *See Cognosphere,* 2024 WL 4227594, at *5 (finding an unrebutted attorney declaration was sufficient to establish the existence of a copyright for DMCA subpoena purposes). Doe has not and cannot claim that anyone other than Shueisha is authorized to enforce the copyrights at issue. Nor has Doe alleged that no copyright exists. Shueisha is under no legal obligation to submit a certificate of U.S. registration at this pre-litigation stage; §512(h) does not require registration, only a compliant takedown notice.

### iii. The Subpoena Complies with §512(h) and Is Not Defective

Doe mischaracterizes the requirements of §512(h). Courts do not impose rigid technical hurdles for subpoena validity, but rather assess whether the takedown notice substantially complies with §512(c)(3)(A). Petitioner's notice met all required elements.

**First, Cloudflare is a proper recipient of the subpoena.** While Doe argues that Cloudflare is not a proper §512(c) service provider because it does not host content, Doe fails to cite a single case in which Cloudflare has been found to be an improper recipient of a DMCA subpoena. Cloudflare does, in fact, store content on its servers in the form of cached data which allows for faster loading of sites. (Martemucci Decl. ¶2 Ex. 1 ("Cache stores copies of frequently accessed content (such as images, videos, or webpages) in geographically distributed data centers that are located closer to end users than origin servers, reducing server load and improving website performance.").)

Courts, particularly in this district, routinely issue DMCA subpoenas to Cloudflare that Cloudflare does not move to quash. *See, e.g.*, *DMCA Subpoena to Cloudflare, Inc.*, 3:24-mc-80015-AGT; *In re DMCA Subpoena to Cloudflare, Inc. et al v. CloudFlare, Inc.*, 3:22-mc-80070-AGT; *In re DMCA Subpoena to Cloudflare, Inc.*, 3:21-mc-80072-AGT (examples from this Court issuing DMCA subpoenas to Cloudflare without Cloudflare filing any motions to quash). Here, Cloudflare has neither objected to the subpoena nor moved to quash it. (Martemucci Decl. ¶ 3.)

**Second, identification of the infringed work was sufficient**, as demonstrated by Doe's removal of the infringing material. Petitioner identified the copyrighted manga and the infringing URLs on Doe's websites. Doe cites no authority suggesting that courts require pinpoint citations to chapter or page for adequate notice of copyright infringement. The impact of the takedown notice speaks for itself; it adequately informed Cloudflare and Doe of the infringement as demonstrated by Doe removing the infringing content.

**Third, the good faith statement in the DMCA Notice was sufficient to identify that the copying was unauthorized, including under fair use authorization.** The DMCA does not require a takedown notice or subpoena request to contain a detailed fair use analysis; a good faith belief is sufficient. *See Lenz v. Universal*, 815 F.3d 1145, 1153 (9th Cir. 2016). Lenz does not impose an evidentiary burden at the subpoena stage—only a subjective good faith belief that fair use does not apply. *Id*. ("We […] hold that the statute unambiguously contemplates fair use as a use authorized by the law.") Thus, when Shueisha states in its takedown notice that it "has a good faith belief that the Infringing Work is not authorized by the copyright owner, its agent, *or the law*" (emphasis added), it implicitly contains a contemplation and rejection of fair use arguments.

Doe's reliance on *Maximized Living* and *In re DMCA Subpoena to eBay* is misplaced. Those cases involved facts where the infringing content was removed before the subpoena was issued or where the notice lacked essential elements. Here, the material was still publicly accessible when the takedown notice and subpoena were issued, satisfying statutory timing and substance.

### iv. Doe Relies on an Improper Anonymous Declaration for Essential Facts.

Doe relies upon its Doe Declaration to support its position. However, because the

declaration is submitted anonymously to the Court, the Court will be unable to hold the anonymous declarant to their statements under penalty of perjury as required by 28 U.S.C. § 1746. S*ee Doe v. L.A. Unified Sch. Dist.*, No. 16-cv-00305 (CAS), 2017 WL 797152, at *9 (C.D. Cal. Feb. 27, 2017) (rejecting declarations that did not provide the name of the individual signatory because "[w]ithout any record whatsoever of a witness's identity or their signature, a declarant cannot be held to their statements under 'penalty of perjury' "); *see also Keyview Labs v. Barger*, No. 20-cv-02131, 2020 WL 8224618, at *6 (M.D. Fl. Dec. 22, 2020) (finding the plaintiff "cannot rely on Jane Doe's declaration to meet its high burden to obtain a preliminary injunction") (collecting cases), report and recommendation adopted, 2021 WL 510295 (M.D. Fla. Feb. 11, 2021).

Moreover, the Doe Declaration appears not to be based on personal knowledge. The Court should strike or give no weight to the Doe Declaration when considering Doe's position.

### v. Doe's Fair Use Defense Is Premature and Improper at this Stage.

Fair use is an affirmative defense. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). "[I]t is clear that the burden of proving fair use is always on the putative infringer." *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1152–53 (9th Cir. 2016) (*quoting Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1542 n. 22 (11th Cir.1996). Shueisha need not, for purposes of obtaining a valid subpoena, prove the non-existence of fair use.

Doe's conclusory fair use assertions—*i.e.*, that the sites were non-commercial, transformative, or user-generated—cannot be accepted at face value and should be evaluated in discovery. Whether a use is commercial, transformative, or harmful to the market are fact-intensive inquiries. *See Campbell*, 510 U.S. at 577. Doe's fair use arguments are more appropriate for trial.

Moreover, Doe's voluntary takedown of the infringing websites identified in the subpoena, and its efforts to remain anonymous, are inconsistent with a party with a good faith belief that its unauthorized copying of Shueisha's content was fair use.

### vi. Jurisdictional and Territorial Arguments Are Not Grounds to Quash

Doe's reliance on *Subafilms* and *Perfect 10 v. Yandex* is misplaced. Those cases addressed whether courts could adjudicate infringement claims where all conduct occurred abroad—not whether a U.S. court can authorize a subpoena to identify anonymous individuals who operate infringing websites targeting U.S. audiences. Doe presents no credible evidence that its websites did not target U.S. audiences.

The DMCA subpoena provision applies to any ISP residing in the United States, such as Cloudflare. The DMCA's purpose is to identify copyright infringers who use the services of an internet service provider, not to adjudicate liability. *Cognosphere Pte. Ltd. v. X Corp.*, No. 23-MC-80294-PHK, 2024 WL 4227594, at *2 (N.D. Cal. Sept. 18, 2024). Arguments about lack of jurisdiction or futility of enforcement are premature and speculative and should occur in litigation.

Furthermore, Shueisha alleged that infringing content was accessible to U.S. users at the time the notice was issued. That is sufficient to support issuance of the subpoena. See *Disney Enters., Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1307–08 (S.D. Fla. 2011) (court may exercise jurisdiction over foreign website with U.S. traffic and market effects).

### vii. Conclusion

Shueisha has complied with all applicable requirements under 17 U.S.C. §512(h). Doe's objections are either legally irrelevant at this stage or fact-intensive defenses to be raised in a future infringement action, if any. The subpoena is valid, enforceable, and supported by law. The motion to quash should be denied and Cloudflare ordered to comply with its terms.

## 3. Proposed Final Compromise

Given the simplicity of the issue—*i.e.*, Doe's anonymity—no compromise was possible.