**KRONENBERGER ROSENFELD, LLP**
Jeffrey M. Rosenfeld (Bar No. 222187)
Leah Rosa Vulić (Bar No. 343520)
548 Market St. #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
jeff@kr.law
leah@kr.law

Attorneys for John Doe

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re 17 U.S.C. § 512(h) Subpoena to<br><br>CLOUDFLARE, INC. | Case No. 3:25-mc-80147-AGT<br><br>**DECLARATION OF JOHN DOE IN SUPPORT OF JOINT DISCOVERY STATEMENT RE. JOHN DOE'S MOTION TO QUASH DMCA SUBPOENA TO CLOUDFLARE, INC. AND/OR MOTION FOR PROTECTIVE ORDER** |

I, John Doe [REDACTED], hereby declare as follows:

1. I am a Cloudflare user whose identifying and other information is sought by Petitioner Shueisha Inc. ("Shueisha")'s DMCA Subpoena ("Subpoena") to Cloudflare Inc. ("Cloudflare") in this action. Unless otherwise stated, I have personal knowledge of the matters stated herein, and if called to testify thereon, could and would do so competently.

2. I am a website administrator residing outside the United States, and I am not a U.S. citizen. I am the registrant of the domains mangajikan.com and alammanga.com (the "Domains"). Both Domains are registered and administered outside the United States. The two Domains functioned as a single website (the "Website"), with mangajikan.com as the user-facing portal and alammanga.com referenced solely for certain technical resources required by mangajikan.com. The Website never targeted, nor was accessible to, users in the United States. In other words, a user from the U.S. would not have been able to access the Website. All content on the Website was in Japanese, and all users were Japanese.

3. I use Cloudflare for DNS and CDN services for the Domains. Cloudflare is not and was never a primary hosting provider for the Domains or any website thereon.

4. To be clear, as the Domains' DNS and CDN service, Cloudflare did not host the content at issue in the instant Subpoena. To my knowledge, Cloudflare was unable to—and never did—remove any content from the Website or Domains.

5. My review of the record in this case shows that:

    a. Shueisha apparently sent its DMCA takedown notice to Cloudflare on June 5, 2025.

    b. Shueisha submitted its application for a DMCA subpoena on June 10, 2025.

    c. The DMCA Subpoena was issued by the Clerk on June 12, 2025.

6. The Subpoena identified 26 URLs for which Shueisha apparently seeks identifying and access log information. *See* D.E. 3. However, only two of those URLs, the first two, are links to my former website, and are listed as follows:

    a. https://www.mangajikan.com/chapter-441853.html;

    b. https://jpoo.alammanga.com/JP00/120647/3nfi22cjai.jpg.

7. As background, Japanese manga are comic books and graphic novels that originate

from Japan. Most manga are first released as serialized chapters in weekly or monthly magazines; i.e., a few chapters may be released at a time, as part of a broader collection.

8. The first URL (https://www.mangajikan.com/chapter-441853.html) at issue in the Subpoena was a webpage displaying a series of manga images from a specific chapter of a manga. This page also included a "report error" and upload button, allowing users to submit feedback or content if images were missing or incorrect.

9. The second URL (https://jpoo.alammanga.com/JP00/120647/3nfi22cjai.jpg) at issue in the Subpoena was a direct link to an image file of a manga page that was displayed within the first page.

10. The Website at the Domains was not commercial in nature. It did not contain any advertisements, and there was no commercial intent or financial gain involved. I did not make any money from the Domains or the Website associated with the Domains

11. Although I never received notice of any takedown request by Shuiesha for the above URLs, on June 12, 2025, I removed all content from the Website. The decision to close the Website was entirely my own, not forced by Cloudflare or any third party. Cloudflare never removed the content at issue in the Subpoena, in my understanding because it is unable to do so.

12. Although I did not receive any takedown notice issued by Shueisha before receiving notice of Sheisha's Subpoena from Cloudflare, I have now reviewed Shuiesha's apparent takedown notification dated June 5, 2025 and submitted to this Court at D.E. 1-3 (the "Takedown Notice").

13. Exhibit A to the Takedown Notice is a chart that outlines the title of the purported copyrighted work, ONE PIECE, and a URL allegedly to the location where the Original Work may be found.

14. In the Takedown Notice, the URL for the Original Work identified as being infringed is: https://www.shonenjump.com/j/rensai/onepiece.html.

15. At the time Shueisha's request for its DMCA Subpoena was submitted, it is highly likely that the chapters apparently subject to the DMCA Takedown Notice were available to the public for free on both VIZ Media's Shonen Jump and MANGA Plus platforms, as described below.

16. **VIZ Media – Shonen Jump (Official English Publisher).** VIZ Media is the official

English distributor of ONE PIECE in North America; see: https://www.viz.com/shonenjump/chapters/one-piece. On their Shonen Jump website, the latest three chapters of ONE PIECE are always available to read for free, without registration or payment.

17. For reference, attached hereto as **Exhibit A** is a screenshot of the free chapter page from Viz Media – Shonen Jump.

18. **MANGA Plus by SHUEISHA.** MANGA Plus is the official global manga platform operated by SHUEISHA, the Japanese publisher of ONE PIECE; see: https://mangaplus.shueisha.co.jp/titles/100020.

19. The latest chapters of ONE PIECE are always available for free for a limited time, typically for one week after release. Older chapters, including the very first chapters, are also offered free of charge. For reference, attached hereto as **Exhibit B** is a screenshot of the free chapter page for MANGA Plus by SHUEISHA.

20. **ONE PIECE Official Japanese Portal.** This is the official Japanese portal for ONE PIECE, providing news, links to free manga chapters and legal reading platforms, as well as occasional trial readings and special promotions; see: https://one-piece.com/.

21. If Shueisha's Subpoena is not quashed entirely, disclosure should be limited to what is absolutely necessary to identify me as the operator, and I object to the disclosure of payment data, server/hosting details, and other unrelated information.

22. I object to the disclosure of the following aspects of Shuiesha's Subpoena as follows:

   a. **Billing/payment information:** Payment details are highly sensitive and should not be disclosed unless directly relevant.

   b. **Serve/Hosting, DNS/NS Records:** Technical infrastructure data is not personally identifying and should not be disclosed.

   c. **Other associated Accounts/Contacts:** Disclosure is not relevant and risks infringing the privacy of unrelated individuals.

   d. **Account IP Logs:** Broad IP log disclosure exceeds what is necessary as identifying data.

   e. **Access Logs:** Access logs may include unrelated visitors and are thus not relevant,

1  and should not be disclosed without specific justification.

2      **f. Limiting Use and Further Disclosure:** I strongly believe that any information disclosed as a result of the Subpoena should be strictly limited to use in this legal case only. There is a significant risk that, once obtained, Shueisha would share or publicize the information with third parties, either intentionally or inadvertently. U.S. courts—including in recent DMCA subpoena cases—have often recognized and supported such restrictions to protect privacy and prevent unnecessary harm. Once Shueisha obtains my identity, there is a strong risk that this information will be shared, and once my identity is disclosed, the consequences may be uncontrollable. Indeed, Shueisha has even instigated criminal proceedings, leading to arrests of individuals, which it publishes in press releases on the Shonen Jump website. *See* Vulic Decl. Exs. E, F. I legitimately fear the risk of retaliation.

23. I respectfully request that the court issue a protective order to ensure that any disclosed information is not used for any purpose outside this case, and not shared with third parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 19, 2025.

By:   [*signature redacted*]
       John Doe [REDACTED]

*I attest that I have on file a copy of the signed version of this Declaration. I have redacted identifying information herein to avoid prejudice to the right of the Declarant to anonymity.*

Dated: July 19, 2025

s/ Leah Rosa Vulić

Leah Rosa Vulić

Attorney for John Doe

Case No. 3:25-mc-80147-AGT      4      **DECL. OF J. DOE ISO MTN TO QUASH DMCA SUBPOENA TO CLOUDFLARE**

# Exhibit A



# Exhibit B

