1

2

3

**UNITED STATES DISTRICT COURT**

4

**NORTHERN DISTRICT OF CALIFORNIA**

5

6

7

8

9

10

11

| | |
|---|---|
| **IN RE DMCA SUBPOENA TO CLOUDFLARE, INC.** | **Case No.: 4:25-mc-80147-YGR**<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 6 |

12    Petitioner Shueisha Inc. filed this action to obtain a takedown notice and subpoena under the

13   Digital Millennium Copyright Act, 17 U.S.C. §512 ("DMCA") to Cloudflare, Inc.  (Dkt. No. 1.)

14   Cloudflare is an Internet Service Provider ("ISP").  Movant John Doe is a Cloudflare user.  The

15   Court granted the subpoena.  (Dkt. No. 3.)  The parties submitted a joint discovery letter regarding

16   Doe's Motion to Quash in Part the Subpoena to Cloudflare.  (Dkt. No. 6, "Letter".)  Doe asks the

17   Court to quash the subpoena entirely, or in the alternative, enter a protective order that limits the

18   disclosure and use to this case only in order to keep Doe's identity confidential.  (Letter at 4.)

19    Because this is a dispositive motion and the parties did not consent to magistrate judge

20   jurisdiction, the Court considers the motion to quash *de novo*.

21    **I.    Background**

22    On June 5, 2025, Shueisha's counsel sent a DMCA takedown notice to Cloudflare.  (Dkt.

23   No. 1-3.)  On June 10, 2025, Shueisha requested a DMCA subpoena to Cloudflare.  (Dkt. No. 1.)

24   The clerk of the court issued the subpoena on June 12, 2025.  (Dkt. No. 3.)  Although the subpoena

25   seeks data for many URLs, only the first two URLs listed in the subpoena are at issue here.

26    Shueisha is a Japanese entertainment publisher of "mangas."  Shueisha alleges it holds

27   copyrights to mangas copied, published, displayed, or distributed without authorization on websites

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  using Cloudflare's services.[1]  John Doe is a website administrator who owns the domains

2  mangajikan.com and alammanga.com.

3      Doe avers that Cloudflare provided only DNS and CDN services to his websites and that

4  therefore Cloudflare was unable to take down his website content.  Shueisha contends that

5  Cloudflare stores content on its servers in the form of cached data to allow for faster loading of

6  sites.[2]

7      **II.    Relevant Law**

8      The DMCA permits copyright owners to obtain subpoenas for information identifying

9  alleged copyright infringers independent of any pre-existing lawsuit.  17 U.S.C. § 512(h).  In this

10  context, "the subpoena is its own civil case, and the motion to quash is dispositive of the sole issue

11  presented in the case—whether the subpoena should be enforced or not."  *In re DMCA Subpoena to*

12  *Reddit, Inc.*, 441 F.Supp.3d 875, 880 (N.D. Cal. 2020).

13      The DMCA provides an expedited procedure for copyright holders to subpoena ISPs for

14  information identifying an alleged copyright infringer.  *See* 17 U.S.C. § 512(h).  The statute creates

15  four safe harbors for ISPs to avoid liability for copyright infringement.  Three of the four safe

16  harbors require ISPs to remove or disable access to infringing material upon notification from the

17  copyright holder—referred to as the "notice and takedown process."[3]  The takedown notice must

18  substantially comply with the requirements in Section 512(c)(3)(A), which include "(ii)

19  Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted

20  works at a single online site are covered by a single notification, a representative list of such works

21  at that site;" and "(v) A statement that the complaining party has a good faith belief that use of the

22

23      [1] Dkt. No. 1-2, Declaration of Hiroyuki Nakajima in Support of Subpoena to Obtain the Identity of a Cloudflare [sic], Inc. Customer Pursuant to 17 U.S.C. § 512(h) ¶ 3.

24      [2] Dkt. No. 6-3, Declaration of Marco Martemucci in Support of Subpoena to Obtain the

25  Identity of a Clouflare [sic], Inc. Customer Pursuant to 17 U.S.C. § 512(h). ("Martemucci Decl.") Ex. 1 ¶ 2 ("Cache stores copies of frequently accessed content (such as images, videos, or

26  webpages) in geographically distributed data centers that are located closer to end users than origin servers, reducing server load and improving website performance."

27

28      [3] *See In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC*, 148 F.4th 1056, 1059 (9th Cir. 2025) ("Cox"); *see also,* Section 512(b)(2)(E), (c)(1)(C), (d)(3).

1   material in the manner complained of is not authorized by the copyright owner, its agent, or the

2   law."

3        The Ninth Circuit's recent decision in *In re Subpoena of Internet Subscribers of Cox*

4   *Commc'ns, LLC* instructs.  There, a district court had quashed a DMCA subpoena issued pursuant

5   to Section 512(h) because the ISP's relevant functions fell under Section 512(a).  The Ninth Circuit

6   affirmed, finding: (1) a Section 512(h) subpoena may not issue to a Section 512(a) ISP; and (2) the

7   ISP Cox acted as a Section 512(a) service provider with respect to the infringement at issue.  *Cox* at

8   1061, 1068.  The court found Cox acted as a Section 512(a) service provider because, even if Cox

9   had the ability to provide storage, petitioner did not dispute that, "with respect to its role in the

10  alleged infringement," Cox acted "merely as a transmitter in all respects."  *Id.* at n.6.

11       **III.    Analysis**

12       Doe argues that Cloudflare acted as a Section 512(a) service provider with respect to the

13  infringement at issue, because it only provided DNS and CDN services to his websites.  Shueisha

14  argues that Cloudflare is subject to a Section 512(h) subpoena because it stores content on its

15  servers in the form of cached data and was therefore acting as a Section 512(c) service provider.

16       The parties offer limited evidence to demonstrate what functions Cloudflare performed for

17  Doe's websites.  Still, Shueisha has made a *prima facie* showing that Cloudflare stores content on

18  its servers in the form of cached data to support faster loading of sites.  *See* Martemucci Decl.,

19  *supra* Ex. 1 ¶ 2 (screenshots from the Cloudflare website describe how content is stored).  Doe

20  offers no admissible evidence.[4]  Because there is no evidence to the contrary, the Court accepts

21  Shueisha's *prima facie* showing and concludes that Cloudflare functioned as a Section 512(c)

22  service provider.

23

24

25

26       [4] Doe and Doe's attorney offer conclusory declarations.  The Doe declaration is submitted
    anonymously.  The Court will not consider such a declaration. *See Doe v. L.A. Unified Sch. Dist.*,
27  2017 WL 797152, at *9 (2017) ("Without any record whatsoever of a witness's identity or their
    signature, a declarant cannot be held to their statements under 'penalty of perjury'.")
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Doe also argues that Shueisha's takedown notice did not substantially comply with Section

2    512(c)(3)(A) because (1) it did not identify the copyrighted work claimed infringed; and (2) it did

3    not include a sufficient statement of a good faith belief the use was unauthorized.

4    The Court finds that Shueisha did identify the copyrighted work, which neither party

5    disputes appears on the identified webpage.  (Dkt. No. 1-3 ("Shueisha Inc . . . [is] the author of the

6    copyrighted works *identified under the column entitled "Original Work" in Exhibit A* attached to

7    this notice") (emphasis added).)  Shueisha also included a statement of good faith belief that the use

8    was unauthorized.  (Dkt. No. 1-3 ("Shueisha has a good faith belief that the Infringing Work is not

9    authorized by the copyright owner, its agent, or the law."))  This statement is sufficient.  *See Lenz v.*

10   *Universal*, 815 F.3d 1145, 1153 (9th Cir. 2016); *see also Stebbins v. Rebolo*, 2024 WL 4982985, at

11   *6 (N.D. Cal. 2024).

12   Having carefully considered the papers submitted and the pleadings in this action, and for

13   the reasons set forth below, the Court hereby **DENIES** the Motion to Quash.[5]  The parties are

14   **ORDERED** to, within thirty (30) days of this Order, meet and confer and submit a proposed

15   protective order to the Court that prohibits the disclosure and use of John Doe's identity for any

16   purpose unrelated to the purpose of the subpoena.

17   This terminates Docket No. 6.

18   **IT IS SO ORDERED**.

19   Date:   October 14, 2025

     _____

     **YVONNE GONZALEZ ROGERS**
20   **UNITED STATES DISTRICT COURT JUDGE**

21

22

23

24

25

26

27

28   [5] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

4