**GAMMA LAW, P.C.**
Duy Thai (SB 157345)
Marco Martemucci (SBN 255054)
One Sansome Street, Suite 1400
San Francisco, California 94104
Tel.: 415.901.0510
Fax: 415.901.0512
dthai@gammalaw.com
mmartemucci@gammalaw.com

Attorneys for Shueisha Inc.

**KRONENBERGER ROSENFELD, LLP**
Jeffrey M. Rosenfeld (Bar No. 222187)
Leah Rosa Vulić (Bar No. 343520)
548 Market St. #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
jeff@kr.law
leah@kr.law

Attorneys for John Doe

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re 17 U.S.C. §512(h) Subpoena to** **CLOUDFLARE, INC.** | Case No. 4:25-mc-80147-YGR  **[PROPOSED] PROTECTIVE ORDER RE: DMCA SUBPOENA (17 U.S.C. §512(h))** |

**GOOD CAUSE STATEMENT**

This matter arises from a subpoena issued pursuant to 17 U.S.C. §512(h) to Cloudflare, Inc., a U.S.-based service provider, at the request of Shueisha Inc., a non-U.S. rights holder (the "DMCA Subpoena"). The DMCA Subpoena seeks identifying information for the individual associated with the specific URL(s) identified in Shueisha's DMCA takedown notice and listed in **Exhibit A** hereto, which Shueisha attributes to "John Doe."

There is currently no civil infringement lawsuit between Shueisha and John Doe in any United States court. This proceeding is a pre-suit identification request under 17 U.S.C. §512(h). It is not ordinary discovery in an active civil action.

This Protective Order prohibits the pre-litigation disclosure and use of John Doe's identity for any purpose unrelated to Shueisha's enforcement of copyrights against John Doe.

Any information sufficient to identify John Doe ("Doe Identity Information," as defined in §2.1 below) shall be treated as confidential, shall not be publicly disclosed except as defined in §7.1 below , and shall be designated CONFIDENTIAL under this Protective Order.

Good cause exists under 17 U.S.C. §512(h)(2)(C), Fed. R. Civ. P. 26(c), and Fed. R. Civ. P. 45 to impose limits on the pre-litigation use and disclosure of Doe Identity Information to prevent misuse.

**FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. PURPOSES AND LIMITATIONS

1.1 Sole Purpose of Use.

Protected Information, including any Doe Identity Information as defined in §2.1, may be produced to Shueisha Inc. in response to the DMCA Subpoena with a confidentiality designation. Such information may be disclosed only to Shueisha Inc. and its Counsel and John Doe and its Counsel and thereafter by Shueisha Inc or its Counsel in court filings arising from Shueisha's potential copyright claims relating to the infringement alleged in Shueisha's DMCA takedown notice, attached as Exhibit Aat which point it will cease to be deemed Protected Information.

1.2 Prohibited Uses.

Absent further written order of this Court, no Party, counsel, agent, or other person may

disclose or use any Protected Information, including any Doe Identity Information, for any pre-litigation purpose other than the limited purpose set forth in §1.1. Prohibited uses include, without limitation:

(a) Initiating or attempting any direct contact with John Doe, including by email, phone, social media, physical mail, or in-person approaches, aside from service of legal process when John Doe has identified attorney representation. Direct contact is permitted for service of process in a filed copyright infringement action, at which point the Doe Identity Information will no longer be deemed Protected Information.

(b) Any pre-litigation disclosure of Protected Information, including Doe Identity Information, to any person or entity other than (i) this Court, (ii) Shueisha employees, staff agents or representatives working on or responsible for enforcement of Shueisha's managed copyright portfolio, or (iii) outside counsel and their necessary staff or experts who have executed the acknowledgment required by §7 and are bound by this Order.

1.3 No Merits Finding.

This Order governs only the §512(h) identification process. It makes no findings and permits no inference regarding infringement, liability, willfulness, damages, jurisdiction, venue, or any other merits issue.

2. DEFINITIONS

2.1 "Doe Identity Information."

"Doe Identity Information" means information sufficient to identify John Doe, including Doe's legal name..

2.2 "Protected Information."

"Protected Information" means Doe Identity Information and any other sensitive private information belonging to John Doe that, if publicly disclosed, would cause harm directly or indirectly to Doe, including sensitive financial information, full credit card numbers, social security numbers, etc.

2.3 "Doe-Linked URLs."

"Doe-Linked URLs" means the URL(s) identified in Exhibit A that (i) appear in Shueisha's

DMCA takedown notice, D.E. 1-3, (ii) are actually associated with Doe's Cloudflare account or zone (for example, two paths or mirrors of the same page) and (iii) other domains, mirrors, subdomains, historic content, or affiliated sites that may be identified by Cloudflare, Inc in their production in response to the DMCA Subpeona.

2.4 "Subpoenaing Party."

"Subpoenaing Party" means the applicant for the §512(h) subpoena (Shueisha Inc.) and its Outside Counsel.

2.5 "Service Provider."

"Service Provider" means any non-party responding to the §512(h) subpoena with information, including Cloudflare, Inc.

2.6 "Outside Counsel."

"Outside Counsel" means counsel admitted to practice in the United States who have appeared or will appear in this matter. "Outside Counsel" also includes in-house counsel, corporate employees, foreign counsel, investigators, and affiliates of the Subpoenaing Party.

2.7 "Unrelated Purpose."

"Unrelated Purpose" means any purpose other than the purpose described in §1.1. Without limitation, "Unrelated Purpose" includes unrelated publicity, harassment, embarrassment, intentional infliction of emotional distress, tortious business interference, and intentional harm to John Doe unrelated to enforcement of Shueisha's managed copyrights.

3. SCOPE

3.1 Coverage.

The protections in this Order cover: (a) Protected Information itself; (b) any copies, excerpts, summaries, notes, metadata, audit logs, or compilations that reveal Protected Information; and (c) any testimony, presentations, communications, or filings that would reveal Protected Information.

3.2 Exclusions.

This Order does not restrict information that is (i) already lawfully in the public domain prior to any production under this Order, or (ii) later becomes public through no breach of this Order.

## 4. DURATION

4.1 Continuing Obligation.

The confidentiality and use restrictions in this Order continue to apply after this §512(h) identification matter concludes, for a period of two years, unless the Court modifies them or until such time as Shueisha files a copyright infringement lawsuit against John Doe for infringement identified in or related to the DMCA Takedown Notice.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Designated Confidential Status.

All Protected Information, including Doe Identity Information shall be designated as "Confidential" by Cloudflare, Inc. at the moment of production. No higher designation (for example, "Highly Confidential" "Outside Counsel Only" or "Attorney's Eyes Only") may be applied without further order and sufficient showing of necessity by the party seeking to apply the designation.

5.2 Filing and Marking.

In the interest of public access to litigation information, Shueisha may file Doe Identity Information publicly in a copyright enforcement lawsuit against Doe, at which point, the Doe Identity information will no longer be deemed Confidential.

5.3 Inadvertent Omissions.

If any Protected Information is produced without a Confidential designation or similar marking, it is still Protected Information and subject to this Order. The producing Service Provider or Doe's counsel may correct the designation, and all Receiving Parties must treat it as Confidential upon learning of the designation.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Meet and Confer.

If a Party believes that some produced material is over-designated and does not actually reveal Doe Identity Information or other Protected Information, that Party shall notify John Doe's counsel via written or emailed notice. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with

this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. If no agreement is reached, the Party may move the Court to remove the confidentiality designation of the particular Doe Identity Information or other Protected Information. Until the Court rules, the material remains at its current Confidential designation.

6.3 Judicial Intervention.

If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in

question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Confidential Recipients Only.

Protected Information may be disclosed only to: (a) the Court and its personnel; (b) Doe's Outside Counsel; and (c) the Subpoenaing Party, its Outside Counsel and agents. No other person or entity, may receive Protected Information absent further written order of this Court.

7.2 Final Compliance Certification.

Within 10 days after destruction is required under §13.4 or §13.5, the Subpoenaing Party's U.S.-admitted Outside Counsel of Record shall file a single declaration, made pursuant to 28 U.S.C. §1746, certifying that: (a) all Protected Information has been destroyed, except for court-sealed filings and the single archival copy permitted to Doe's counsel; (b) no Protected Information was disclosed outside Confidential recipients authorized by this Order; and (c) no direct contact, demand, threat, request for payment, settlement approach, or other communication was made to John Doe except through Doe's counsel, if represented, or as expressly authorized by this Court for service of process under §1.2(a).

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED ELSEWHERE

8.1 Cross-Use Permitted.

Protected Information may be disclosed in, or used for, any other court, tribunal, agency, law-enforcement inquiry, administrative office, foreign proceeding, or parallel dispute, or used to support any new subpoena, request, or demand to any third party, without prior written order from this Court, provided Doe's Private Information is redacted or submitted under seal and such use is related to Subpoenaing Party's copyright enforcement efforts.

8.2 Notice.

If any person in possession of Protected Information receives a subpoena, order, demand, or request from another forum seeking such material, that person must: (a) promptly notify Doe's Outside Counsel of Record, and provide a copy of the demand; (b) promptly provide the requester with a copy of this Order; and (c) cooperate in allowing Doe to seek protection from this Court

before any disclosure. If this Court asserts protection, no disclosure shall occur unless and until this Court orders otherwise.

## 9. A NON-PARTY'S PROTECTED MATERIAL

### 9.1 Service Providers.

This Order applies to a Service Provider (Cloudflare) that produces information responsive to the §512(h) Subpoena. Any Doe Identity Information or other Protected Information produced by such a Service Provider may be designated as Confidential under this Order. Nothing prevents a Service Provider from producing material that does not contain Doe Identity Information without a confidentiality designation.

## 10. UNAUTHORIZED DISCLOSURE

If any Receiving Party learns that Protected Information has been disclosed, accessed, copied, exported, transmitted, stored, or otherwise used in violation of this Order, that Party must immediately: (a) notify Doe's Outside Counsel of Record, within 48 hours of discovery of the unauthorized use or disclosure; (b) take all reasonable steps to retrieve and sequester the material and prevent further dissemination; (c) inform every person who received the material that it is subject to this Order and must be kept confidential and destroyed; and (d) provide a sworn declaration under 28 U.S.C. §1746 describing the nature and scope of the disclosure and the remedial steps taken.

## 11. INADVERTENT PRODUCTION / CLAWBACK

If privileged, work-product, or otherwise legally protected material is inadvertently produced, Fed. R. Evid. 502 applies. The producing Party or Service Provider may claw back such material by written notice. All Receiving Parties must promptly return or destroy the inadvertently produced material. Such inadvertent production or disclosure does not constitute waiver of any applicable privilege.

Nothing in this Order waives any objection to scope, burden, jurisdiction, venue, personal jurisdiction, service, admissibility, proportionality, or the merits.

## 12. MISCELLANEOUS

### 12.1 [REMOVED].

12.2 Cost Allocation / No Duty To Create New Data.

The Service Provider shall not be required to generate new reports, run new scripts, or compile new datasets beyond what exists in the ordinary course of business. Reasonable production costs may be shifted to the Subpoenaing Party, subject to fee motion if disputed.

12.3 Right to Further Relief.

Nothing in this Order limits the right of any person to seek modification of this Order from the Court.

12.4 Court Control.

This Court may modify, relax, or release any provision of this Order. The Parties may also mutually agree in writing to designate or de-designate documents as Confidential.

13. FINAL DISPOSITION

13.1 Initial Production Path.

The Service Provider (Cloudflare) may release responsive Doe Identity Information directly to Doe's and Subpoenaing Party's Outside Counsel of Record, in a secure manner, with a designation of "CONFIDENTIAL." Documents lacking any Doe Identity Information need not bear any confidentiality designation.

13.2 Certification and Audit.

The Final Compliance Certification required by §7.3 shall be filed after destruction under §13.4 or §13.4. Failure to timely certify, or evidence of non-compliance, may result in immediate sequestration or destruction of Protected Information.

13.3 End-of-Case Destruction.

Within two years after the final resolution of this §512(h) identification matter, including any appeals, if there has been no copyright infringement action actually filed by the Subpoenaing Party against Doe related to the Doe-Linked URLs in Exhibit A, each person in possession of Protected Information shall destroy all Protected Information and all copies, summaries, notes, metadata, and access logs that would reveal Doe's identity. Archival copies may be retained by Doe's Outside Counsel of Record, and the Court may retain any sealed filings, for record-keeping and enforcement purposes.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

DATED: _____, 2025                    **KRONENBERGER ROSENFELD, LLP**

By: _____
              Leah Rosa Vulić

Attorneys for John Doe

DATED: _____, 2025                   **GAMMA LAW, P.C.**

s/ _____
            Marco Martemucci

Attorneys for Shueisha Inc.

**PURSUANT TO THE FOREGOING AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

DATED: _____

_____

Hon. Yvonne Gonzalez Rogers, United States District Judge

Northern District of California

# EXHIBIT A

## John Doe URLs

Doe-Linked URLs referenced in Shueisha's DMCA takedown notice and in the §512(h) subpoena to Cloudflare, consisting of the URL(s) associated with John Doe's Cloudflare account:

https://www.mangajikan.com/chapter-441853.html

https://jpoo.alammanga.com/JP00/120647/3nfi22cjai.jpg.

# EXHIBIT B

## Acknowledgment and Agreement to Be Bound

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____