UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DMCA SUBPOENA TO CLOUDFLARE, INC. | Case No. 25-mc-80147-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 16 |

In ECF No. 14, Judge Gonzalez Rogers denied Doe's motion to quash and ordered the parties "to, within thirty (30) days of this Order, meet and confer and submit a proposed protective order to the Court that prohibits the disclosure and use of John Doe's identity for any purpose unrelated to the purpose of the subpoena." ECF No. 14 at 4. The parties have now filed a joint discovery letter brief with competing proposed orders. ECF No. 16. The Court finds neither proposed order acceptable and instead issues this order to provide the parties further guidance.

**A.   Purpose of the Subpoena**

The purpose of the subpoena is defined by the attestation Shueisha had to make to obtain it: "the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title." 17 U.S.C. § 512(h)(3). The parties disagree about what it means to "protect[] rights under this title," so the Court will provide its thoughts.

First, "this title" means title 17 of the United States Code, so Doe is correct that only U.S.-based copyright claims are within the purpose of the subpoena. Foreign litigation is outside of that scope. The right to sue for copyright infringement, 17 U.S.C. § 501(b), includes the right to investigate before suing, as claims should be properly investigated before being brought. *See* Fed.

1  R. Civ. Proc. 11.  The right to sue also includes the right to settle, whether before or after a lawsuit
2  is filed, as that is how the vast majority of legal claims ultimately get resolved.  The right to sue
3  also includes the right to send a cease and desist letter to determine if a lawsuit is unnecessary.
4  Further, because the copyright owner has the exclusive "rights" to do "and to authorize" certain
5  things, 17 U.S.C. § 106, the Court thinks that negotiating a licensing arrangement is also
6  protective of rights under title 17, as it may bring ongoing conduct into the authorization of the
7  copyright owner.  In addition, because willful copyright infringement can be a criminal offense, 17
8  U.S.C. § 506, the Court thinks that coordinating with federal law enforcement authorities who
9  have responsibility for prosecuting criminal copyright infringement is protective of rights under
10 title 17.

11 But some of Shueisha's ideas of what the purpose of the subpoena is go far afield.  For
12 example, notifying others whose works were infringed is not protective of Shueisha's rights under
13 title 17.  And coordinating with "law enforcement" is too vague and open ended, as most law
14 enforcement officers do not have copyright prosecutions in their purview.

15 The parties have submitted competing protective orders, each of which has a section 1.1,
16 entitled "Sole Purpose of Use."  Both sides' sections 1.1 are defective, and both for the same
17 reason:  They do not say what the Doe Identity Information can be used for.  Each section 1.1 says
18 *who* the information can be disclosed to, but says nothing about *what* they can use it for.  Thus,
19 while the parties have a strong disagreement about permitted uses in the joint discovery letter
20 brief, neither of them attempted to put their ideas into words,

21 **B.    Other Comments**
22 The Court has some other observations:
23 1. In their competing sections on "prohibited uses," the parties each propose limitations on
24 direct contact with Doe, aside from service of process.  Doe's proposed protective order has
25 repetitive provisions to that effect throughout.  As far as the Court can tell, the parties are
26 attempting to implement the ethical rule that a represented litigant should be contacted through
27 counsel.  The Court does not understand what this is doing in a protective order.  The protective
28 order should address confidentiality rules, and that's it.  Of course everybody also has to comply

2

with their ethical obligations.

2. Doe proposes a long list of prohibited uses. These seem like they should all be unnecessary if he could just come up with a good description of what the information *can* be used for – which, as noted, neither side has done.

3. Because the Court thinks that licensing arrangements are protective of title 17 rights, the Court will allow at least some people within Shueisha to see the Doe Identity Information. It is not realistic to expect that a licensing negotiation could be managed without the client knowing who they are negotiating with.

4. Although the Court thinks that title 17 rights exist only under U.S. law, the Court does not see why there should be a requirement that the Doe Identity Information should only physically reside in the U.S. The Court does not know where Shueisha's computer servers are and does not see why that matters.

5. Does wants the Doe Identity Information to exclude certain things, such as billing or payment data, and he wants to limit it to certain time periods. However, the purpose of the protective order is to address confidentiality; this is not a second opportunity to move to quash or limit the subpoena.

6. Doe seems to think that Shueisha has to sue him as a "doe." But no, it doesn't. Remember: the protective order should "prohibit[] the disclosure and use of John Doe's identity for any purpose *unrelated* to the purpose of the subpoena." ECF No. 14 at 4 (emphasis added). Suing Doe for copyright infringement is definitely related to the purpose of the subpoena.

7. Doe's proposed protective order is cluttered with repeated, redundant provisions stating that the information is confidential. Those are unnecessary.

8. The Court will not require Shueisha to bring a copyright action within 180 days of disclosure of the information. Congress already said what the deadline is to sue for copyright infringement, 17 U.S.C. § 507, and there is no good reason to give Shueisha less time than that. Besides, there is no guarantee that the produced information will be good enough to bring a claim. It also might be the case that once Shueisha learns who Doe is (if the information definitively shows that), it may want to investigate him further before deciding whether to sue.

**C.     Next Steps**

The Court **ORDERS** the parties to meet and confer with the above guidance in mind and to file one of two things within 14 days:  (1) a stipulated protective order, or (2) a joint discovery letter brief not to exceed five pages and competing proposed protective orders.

**IT IS SO ORDERED.**

Dated: November 24, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge