December 8, 2025

Hon. Thomas S. Hixson, United States Magistrate Judge
450 Golden Gate Avenue, Courtroom E – 15th Floor
San Francisco, CA 94102

**VIA ECF**

**RE:** *In Re. 17 U.S.C. §512(h) Subpoena to Cloudflare, Inc.* **(Shueisha Inc.), Case No. 4:25-mc-80147-YGR (TSH) Joint Discovery Letter re: Protective Order**

Dear Judge Hixson:

      The parties in this action jointly submit the 5-page letter brief that follows this cover sheet/signature page, along with each party's accompanying proposed protective order pursuant to the Court's order in D.E. 19.

Sincerely,

| KRONENBERGER ROSENFELD, LLP | GAMMA LAW, P.C. |
|---|---|
| s/ Leah Rosa Vulić | s/ Marco Martemucci |
| Leah Rosa Vulić (SBN 343520) | Marco Martemucci (SBN 255054) |
| 548 Market St. #85399 | One Sansome Street, Suite 1400 |
| San Francisco, CA 94104 | San Francisco, California 94104 |
| Telephone: (415) 955-1155 | Tel.: 415.901.0510 |
| Facsimile: (415) 955-1158 | Fax: 415.901.0512 |
| leah@kr.law | MMartemucci@gammalaw.com |
| Attorneys for Non-Party John Doe | Attorneys for Shueisha Inc. |

Hon. Thomas S. Hixson
December 8, 2025
Page **1**

**John Doe's Position:**

Doe's position on the protective order is set forth fully in the Joint Discovery Letter Brief filed at D.E. 16. Doe appreciates the Court's guidance in D.E. 19. Doe submits a revised protective order comporting with the Court's guidance. Additionally, Doe responds to Shueisha's position.

**I.   There is clear good cause for a protective order.**

Shueisha again argues there is no good cause for a protective order. But this Court already recognized that Shueisha itself has shown the good cause—it intends to use Doe's identity for purposes unrelated to protecting *its copyrights* in the U.S. [*See* D.E. 19, 2:11-14; *see also* D.E. 6-1, 5:2-12; 6-2 Exs. E, F.] In a pre-suit identification proceeding under §512(h), Doe reasonably expects that any compelled disclosure of his identity will be used only within the U.S. copyright framework that the statute describes. The risk that Doe's identity will instead be used in foreign proceedings, or shared with other third parties, creates a concrete and irreparable harm that Rule 26(c) is designed to address. A protective order is necessary to confine the use of this information to the specific, narrow purpose for which Congress authorized disclosure.

**II.   The statutory oath, relevant authority, and this Court's prior ruling foreclose foreign use.**

Shueisha's first core contention is that issuance of a DMCA subpoena and the subsequent use of the subpoenaed information are legally separate. In its view, as long as it acted in "good faith" at the time of issuance, later use of Doe's identity, including abroad, is unconstrained by §512(h).

That is not what the statute says. Section 512(h)(2)(C) requires a sworn declaration that the information sought "will only be used for the purpose of protecting rights under this title," and §512(h)(3)(A) makes that sworn statement a condition precedent to issuance. This use limitation is not a one-time box to be checked and then disregarded; it is part of the statutory bargain for obtaining highly sensitive information through a streamlined, ex parte procedure. It functions as an ongoing constraint on how the information may be used.

This Court has already held—twice—that Doe's identity may not be used for any purpose unrelated to the purpose of the subpoena, which is to pursue U.S.-based copyright claims, and that foreign litigation is outside of that scope. D.E. 14, 19. That conclusion is correct. 17 U.S.C. §512(h)(2)(C); *see Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1159 (N.D. Cal. 2013). §512(h) is a narrow, pre-suit identification device designed to enable U.S. copyright enforcement, not a general investigative writ for use in any jurisdiction.

Shueisha suggests that because it did not yet know Doe's physical location at the time of the subpoena, it should now be free to use the information in foreign proceedings if Doe turns out to be outside the United States. But uncertainty about a user's location is simply the risk of choosing the streamlined §512(h) process. It is not a license to retroactively expand a Title 17-only subpoena into a general-purpose identification tool for foreign litigation. A rightsholder that needs discovery in aid of foreign proceedings has a separate mechanism, 28 U.S.C. §1782, for that purpose. Doe's revised proposed protective order §§1.1-1.2 reflect this settled principle.

**III. 28 U.S.C. §1782 provides the proper vehicle for foreign proceedings.**

Shueisha argues that if §512(h) information cannot later be used in foreign proceedings, the Court will force it to "waste resources" by seeking the same information again via §1782. That argument misdescribes both statutes, and cannot be used to violate §512(h).

When a party wants U.S. discovery for use in foreign proceedings, Congress has provided a specific tool: 28 U.S.C. §1782. Courts applying §1782 consider the factors of *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004), including comity and fairness, before authorizing such discovery. By contrast, §512(h) was drafted to allow a copyright owner to identify an alleged infringer quickly and ex parte for the narrow purpose of pursuing U.S. copyright

remedies. Treating §512(h) as a general global unmasking device would collapse the distinct roles of these statutes and effectively bypass the safeguards that §1782 and Intel provide.

When Shueisha has sought discovery in aid of foreign proceedings, it has filed applications under 28 U.S.C. §1782, seeking leave to serve subpoenas on U.S.-based entities for use in foreign litigation. *See, e.g., Shueisha Inc. v. Cloudflare, Inc.*, No. 23-MC-80162-SK, 2023 WL 5993052 (N.D. Cal. Aug. 8, 2023). But notably, even in these cases, Shueisha has exceeded the permitted use of *prior* §512(h) subpoenas, directly in contradiction of that statute's stated purposes. *See In re Shueisha Inc.*, No. 5:24-MC-80263-BLF, 2024 WL 4633645, at *1 (N.D. Cal. Oct. 29, 2024); *In re Shueisha, Inc.*, No. 21-MC-80255-VKD, 2021 WL 5279816, at *1 (N.D. Cal. Nov. 12, 2021); *Shueisha Inc. v. Paypal Holdings, Inc.*, No. 22-MC-80273-JSC, 2023 WL 2277102, at *1 (N.D. Cal. Feb. 27, 2023) (using DMCA subpoenas for later §1782 petitions to aid in *foreign discovery*). In those prior § 1782 matters, Shueisha's applications were decided ex parte, and no Doe or anonymous user appeared to oppose them or to raise § 512(h)(2)(C)'s "protecting rights under this title" limitation. As a result, the courts had no occasion to examine that issue in an adversarial setting. But because a DMCA subpoena is so easy to obtain—it's not even reviewed by the court prior to issuance, it can be used to unmask multiple people at once (Shueisha's takedown notice had 25 separate URLs) without substantive evidence, just an attestation—parties seeking to unmask anonymous Does must strictly follow it.

What Shueisha asks the Court to do here is effectively to read into §512(h) an implicit foreign-use exception that Congress did not enact, and that would duplicate §1782 without its safeguards. The Court should decline to do so.

**IV. Doe's protective order implements safeguards before Shueisha may unilaterally dispose of the order's protections.**

Shueisha's proposed protective order essentially provides for self-evaporation once Shueisha files a lawsuit (Shueisha proposed order §4). But even after a public lawsuit is filed, the protective order must continue to bind Shueisha's use of the subpoena-derived information to purposes under Title 17. If this protection falls away, the order becomes toothless and doesn't really protect anything. For example, Shueisha may simply file a U.S. copyright infringement lawsuit to escape the protections of the order; and then file a lawsuit abroad. This circumvents the Court's ruling and statutory authority then §512(h) may only be used to protect rights under Title 17.

Doe's proposed protective order provides continuing protections, namely: 1) use of Doe's identity may only be in connection with protecting Shueisha's copyrights under the Copyright Act (§1.1); and 2) Doe's identity may *never* be used for any other purpose, such as foreign litigation (§§1.2(a), 4). Any other form of protective order would eviscerate Congress's intent for §512(h).

**V. Shueisha's evolving positions suggest a "roadmap" for use of DMCA subpoenas beyond Title 17.**

Relatedly, Shueisha's evolving positions in this case underscore the need for a clear protective order. In its initial proposed protective order, Shueisha simultaneously asserted that no protective order was necessary and, at the same time, sought permission to share Doe Identity Information with unspecified third parties and to use it outside the United States. In its next round of drafts and briefing, Shueisha again disputed that there is good cause for any protective order. And after this Court made clear that DMCA subpoena information could not be used in foreign proceedings, Shueisha then argued that any protective order entered here would effectively "fall away" once it filed a U.S. copyright infringement lawsuit against Doe. Taken together, these positions would preserve, in practice, a path to third-party and foreign uses of Doe Identity Information notwithstanding §512(h)(2)(C), §512(h)(3), and this Court's guidance.

Shueisha's position effectively provides a practical "roadmap" that others could follow in future cases. First, take advantage of the very low threshold for a §512(h) DMCA subpoena: without submitting substantive evidence, based only on a formal attestation and a list of URLs, to obtain highly sensitive identity information, with no prior judicial review and no participation by the affected user. Second, file a public lawsuit in the U.S. and, even if that lawsuit is never seriously pursued or ultimately fails, use the litigation to place that information into the public, even though it was originally produced subject to §512(h)(2)(C)'s commitment that it "will only be used for the purpose of protecting rights under" Title 17 and pursuant to a Rule 26(c) protective order. Third, then contend that since such information has been included in public pleadings in a U.S. copyright infringement lawsuit, the DMCA's use limitation and this Court's protective order no longer meaningfully govern its subsequent use, including in other proceedings such as foreign litigation.

The Court should decline to do so. Shueisha's proposed framework underscores the need for the Court to strictly follow §512(h)'s Title 17 limitations.

**VI. Shueisha's position is contrary to its attestation and would cause Doe irreparable harm.**

Finally, the practical effect of Shueisha's takedown notice is that the material has been removed completely. *See In Re DMCA Subpoena to Reddit, Inc.*, Case No. 3:19-mc-80005-SK, D.E. 27 at 28:4-23. At this stage, the primary effect of using Doe's identity in broader ways is to expose him to additional litigation risk, including foreign proceedings, and to potential retaliation or collateral consequences that extend far beyond this Court's supervision.

For Doe personally, allowing Shueisha to use Doe Identity Information in foreign proceedings would dramatically increase the irreparable harm the Court has already recognized: Doe's identity could be disclosed to foreign courts, regulators, or enforcement agencies over which this Court has no control. More broadly, if §512(h) subpoenas become a backdoor route to foreign enforcement, where Doe's identity, once disclosed, can be repurposed in jurisdictions and for proceedings far beyond the statute's design, anonymous speakers and website operators will have no meaningful way to predict or contest where their identities will ultimately appear. That creates a serious chilling effect on lawful online expression.

Doe respectfully requests that the Court enter his proposed protective order.

**Shueisha Inc.'s Position**

Shueisha's declared purpose for obtaining the subpoena in this aligns with the requirements of the DMCA "to obtain the identity of an alleged infringer and such information will only be used for the purpose of protecting rights under [title 17 of the United States Code]." 17 U.S.C. § 512(h)(2)(c). There has been no showing of good cause justifying issuance of a protective order, and no such order is necessary.

In compliance with the Court's order, Shueisha submits a proposed protective that would limit Shueisha's ability to disclose Doe's identity prior to filing litigation against Doe for the infringement identified in the subpoena. However, Shueisha respectfully requests that the Court not limit its ability to file a copyright infringement action only to U.S. courts. Doe, whose identity and location is currently unknown, may be located outside of the reach of U.S. Courts. The Court should not allow Doe to use a protective order to interfere with Shueisha's right to sue Doe in an appropriate jurisdiction. The subpoena is valid, lawfully obtained, and the information obtained will be used in the United States, if possible. Restricting Shueisha's enforcement options is not justified by the DMCA or any recognizable harm to Doe and will waste resources.

**I.     There Is No Good Cause for a Protective Order**

Protective orders are exceptional measures justified only by concrete harm that the requesting party has the burden to establish. *See In re Violation of Rule 28(D)*, 635 F.3d 1352, 1358

(Fed. Cir. 2011). The only harm Doe seeks to avoid are the legal consequences resulting from its operation of a massive piracy website.[1] Doe has not articulated a single harm it faces other than copyright enforcement. Doe presents no evidence that Shueisha intends to use Doe's identity for anything other than copyright enforcement, which Doe can defend on the merits.

Avoiding copyright litigation is not a cognizable harm for purposes of a protective order. Likewise, vague, unspecified privacy interests do not prevent disclosure in DMCA subpoena matters. Courts have found the interest of copyright holders to seek limited discovery from a third party to establish a potential infringer's identity outweighs any privacy interest infringers may have in protecting their identities. *See Strike 3 Holdings, LLC v. Doe*, 2019 WL 935390, at *4-*5 (E.D. Cal. Feb. 26, 2019) (denying infringer's motion to quash in order to allow plaintiff to determine whether it can obtain the identity of the proper defendant, and noting defendant could raise any factual innocence claim in a motion to dismiss); *Strike 3 Holdings, LLC v. Doe*, No. EDCV182496TJHSPX, 2019 WL 12446430, at *4 (C.D. Cal. Mar. 29, 2019)(finding infringer's privacy interest in personally identifiable information to be minimal).

Considering Shueisha's attestation of good faith in seeking Doe's identity for proper purposes, and Doe's failure to identify any concrete harm that would result from disclosure, the Court should find that there is no good cause for a protective order. However, should the Court find that good cause exists, Shueisha respectfully requests the Court adopt its version of the protective order submitted herewith for the reasons discussed below.

**II.     Shueisha's Proposed Protective Order Limits Use of Doe's Identity Information to Copyright Enforcement Efforts, in Line with DMCA and Copyright Act Policies**

Shueisha's proposed order follows the Court's guidance and identifies specific permitted uses of Doe's identity information. See § 2 of Shueisha's Proposed Protective Order (listing permitted uses). Such uses—in line with Shueisha's prior attestation—are limited to copyright enforcement activities consistent with and permitted under the Copyright Act.

The Court correctly noted that foreign litigation is outside of the scope of stated purposes for obtaining a DMCA subpoena. Put another way, DCMA subpoenas are only available to rights holders intending to pursue their claims within the United States. The validity of the subpoena is contingent upon the honestly stated purpose for which the subpoena is sought. *See* 17 U.S.C. § 512(h)(2)(c) (requiring a declaration that the purpose of the subpoena consistent with Title 17). Here, that requirement is met. Shueisha has every intention of pursuing its copyright claims against Doe in U.S. courts if possible. The question is: what happens if Doe—whose identity and location could not be discerned prior to filing the DMCA subpoena request—turns out to be outside of the reach of U.S. courts?

There is a difference between a limitation on the permissible purpose for obtaining a DMCA subpoena and a limitation on how the obtained information is eventually used. The DMCA does not appear to prohibit a copyright holder from using infringer identity information outside of the purposes stated in obtaining the subpoena. Likewise, Shueisha could not find any cases in which a copyright holder was prohibited from filing suit in a foreign jurisdiction based on infringer information obtained from a DMCA subpoena. In fact, use of DCMA-subpoenaed infringer identity information for purposes outside of the scope of the DMCA has been expressly permitted where the original declaration was true and the subpoena was validly obtained. *See Visual Supply*

---

[1] Under Fed. R. Evid. 201 the Court may take judicial notice of the publicly reported scale of Doe's infringement operation. See, e.g., https://www.cbr.com/mangajikan-manga-piracy-site-shut-down-185-million-monthly-users/ (reporting Doe's website had 185 million monthly users prior to Shueisha's enforcement efforts, making it the 17th most popular page in Japan, outranking Facebook and ChatGPT).

*Co. v. Cloudflare, Inc.*, No. 24-MC-80159-SK, 2025 WL 2684389, at *4 (N.D. Cal. June 25, 2025) (Magistrate Judge's report and recommendation to deny motion to quash DMCA subpoena finding that use of information from DMCA subpoenas to bring trademark claims did not invalidate properly issued subpoenas).Thus, even if, as the Court noted, DMCA subpoenas are not available for a copyright holder intending to pursue copyright claims in a foreign jurisdiction, there is nothing in the DMCA that prohibits use of subpoenaed information in other jurisdictions. The statute only addresses when a subpoena should or should not issue; not whether a protective order is necessary to restrict the use of the produced information. When the information—obtained in good faith to pursue claims in the United States—reveals the infringer is outside the reach of U.S. courts, it would go against the copyright enforcement policies of the Copyright Act to read the statute as requiring protections for infringers located in foreign jurisdictions.[2] The Court should not read into the DMCA protections for infringers that do not appear in the statute or caselaw.

Should the Court disagree, it can still adopt Shueisha's proposed order over Doe's by simply striking Section 2(c), permitting use in foreign litigation from Shueisha's proposed order.

### III. Doe's Proposed Restrictions Seek to Avoid Copyright Enforcement, not Prevent Harm, and Would Waste Court and Party Resources.

If Shueisha knew when requesting the DMCA Subpoena that Doe was in another jurisdiction, Shueisha could have pursued a subpoena for discovery in support of foreign litigation under 28 U.S.C. § 1782. The parties disagree on how to address the current situation given that Shueisha could not know the location of Doe *ex ante*. Having pursued a DMCA subpoena in good faith, Shueisha should not be limited from using Doe's identifying information elsewhere if litigation within U.S. courts is unavailable. If Doe is not within the reach of U.S. Courts, Doe's proposed restrictions would force Shueisha to start again by pursuing a § 1782 subpoena to Cloudflare seeking the same information, again at unnecessary delay and expense.

Doe makes his desire to delay or avoid answering for running a piracy website doubly clear by asking the Court to restrict Shueisha from using Doe's identity in foreign copyright litigation, even after it is disclosed to the public through a U.S. copyright complaint. Doe is asking the Court to restrict Shueisha from using public information to enforce its copyrights in other jurisdictions, if Shueisha files suit in the United States. Neither the DMCA nor the Copyright Act were designed to impede foreign enforcement of copyrights. Doe's request should be rejected.

Given Doe's obvious aversion to disclosure, the Court and the parties will face unnecessary additional litigation expenses and delays under Doe's proposed protective order.

**Conclusion**

There is no good cause for protecting Doe's identity from disclosure. Broad restrictions on Shueisha's use of validly obtained identity information would contradict both Rule 26(c)'s limited purpose and the DMCA's enforcement purposes. Therefore, the Court should not issue a protective order or limit Shueisha's ability to pursue its copyright claims against Doe.

If, however, the Court finds good cause to issue a protective order, the Court should adopt Shueisha's proposed protective order. Shueisha's proposed order provides pre-litigation protection for Doe's identity from uses outside of the scope of the stated purposes of a DMCA subpoena, while allowing Shueisha to protect its rights consistent with the DMCA's stated purposes of copyright protection and enforcement.

---

[2] The Copyright Act is not hostile to foreign rightsholders. Quite the opposite: it includes protections specifically for copyright holders from treaty party nations. *See* 17 U.S.C. § 104(b)(2) (providing protection for works published in foreign nations that are treaty parties). International cooperation on copyright enforcement is essential to the proper functioning of the Copyright Act.