1  **KRONENBERGER ROSENFELD, LLP**
   Jeffrey M. Rosenfeld (Bar No. 222187)
2  Leah Rosa Vulić (Bar No. 343520)
   548 Market St. #85399
3  San Francisco, CA 94104
   Telephone: (415) 955-1155
4  Facsimile: (415) 955-1158
5  jeff@kr.law
   leah@kr.law
6
7  Attorneys for John Doe

8  GAMMA LAW, P.C.
   Duy Thai (SB 157345)
9  Marco Martemucci (SBN 255054)
   One Sansome Street, Suite 3500
10 San Francisco, California 94104
   Tel.: 415.901.0510
11 Fax: 415.901.0512
   dthai@gammalaw.com
12 MMartemucci@gammalaw.com

13

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

16 **In re 17 U.S.C. §512(h) Subpoena to**    Case No. 4:25-mc-80147-YGR (TSH)

17 **CLOUDFLARE, INC.**

18                                           **[PROPOSED] PROTECTIVE ORDER RE: DMCA SUBPOENA (17 U.S.C. §512(h))**

---

Case No. 4:25-mc-80147-YGR (TSH)    **[PROP] PROTECTIVE ORDER RE: DMCA SUBPOENA**

## GOOD CAUSE STATEMENT

This matter arises from a subpoena issued pursuant to 17 U.S.C. §512(h) to Cloudflare, Inc. ("Cloudflare"), a U.S.-based service provider, at the request of Shueisha Inc. ("Shueisha"), seeking identifying information for the individual associated with the specific URLs identified in Shueisha's DMCA takedown notice and listed in **Exhibit A** hereto, referred to as "John Doe."

There is currently no civil infringement lawsuit between Shueisha and John Doe in any United States court. This proceeding is a pre-suit identification request under 17 U.S.C. §512(h).

The parties agree that the Doe Identity Information (as defined below) warrants confidentiality protections. A protective order is necessary and appropriate under Fed. R. Civ. P. 26(c) and 17 U.S.C. §512(h)(2)(C) to: a) limit disclosure and use of Doe Identity Information to purposes expressly authorized under Title 17 of the United States Code; b) prevent irreversible harm from unauthorized dissemination, and c) ensure that Doe's identity is not used for foreign litigation or otherwise outside of the United States.

**FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

## 1. PURPOSE AND LIMITATION ON USE

### 1.1 Sole Purpose of Use.

**Permitted Uses.** Doe Identity Information and other Protected Information (as defined in Sections 2.1 and 2.2 below) may be used exclusively for purposes related to protecting Shueisha's rights under U.S.C. Title 17. Doe Identity Information and Protected Information may be used solely to assert, exercise, or resolve any copyright claims by Shueisha in connection with the URLs identified in **Exhibit A** hereto, and solely in connection with U.S.-based copyright enforcement.

Specifically, Doe Identity Information and Protected Information may be used solely for the following purposes:

(a) **Pre-litigation evaluation.** Conducting the limited factual and legal analysis reasonably necessary, consistent with Fed. R. Civ. P. 11, to determine whether to bring a U.S. copyright claim in connection with the URLs identified in Exhibit A;

(b) **Filing and prosecution of a U.S. copyright infringement action.** Filing, prosecuting, and litigating a copyright infringement claim against John Doe based solely on the URLs in Exhibit

A in a United States federal or state court;

    **(c)** **Settlement negotiations, cease and desist communications, and licensing.** Negotiating a settlement agreement, licensing arrangement, or other resolution of potential claims with John Doe, or with authorized counsel representing John Doe;

    **(d)** **Service of process.** Serving legal process on John Doe in connection with a filed U.S. copyright infringement action based on the URLs in Exhibit A;

    **(e)** **Coordination with federal law enforcement.** Coordinating with U.S. federal law enforcement authorities who have responsibility for prosecuting criminal copyright infringement under 17 U.S.C. §506 in connection with the alleged infringement of the specific works identified in Exhibit A only.

    **Scope Limitation.** Use of the Doe Identity Information and Protected Information is strictly limited to the works, facts, circumstances, and URLs identified in Shueisha's subpoena and listed in Exhibit A, and any use concerning other works, URLs, or domains, or otherwise unrelated to Exhibit A, is prohibited.

<u>1.2 Prohibited Uses</u>.

    The following uses are prohibited:

    **(a)** **Use for purposes outside Title 17 U.S. copyright enforcement.** Doe Identity Information and Protected Information shall **not** be used for any purpose outside the permitted uses set forth in Section 1.1, including but not limited to:

- Any foreign proceeding, investigation, enforcement action, or litigation; or
- Any non-copyright legal claim or regulatory matter.

    **(b)** **Correlation, profiling, and data-aggregation techniques.** Doe Identity Information shall not be used to build any broader profile or dossier of John Doe beyond the minimal identity necessary to assert and resolve the Exhibit A claims, including by data-mining, cross-correlation, or similar enrichment techniques, absent further order of this Court.

    **(c)** **Public disclosure, media notification, or third-party dissemination unrelated to permitted purposes.** Doe Identity Information shall **not** be:

- Disclosed to media outlets, members of the public, or the general internet;

- Used for public-relations purposes or to affect John Doe's reputation, employment, or online presence;
- Provided to industry associations, copyright collectives, trade groups, anti-piracy organizations, or other third parties not involved in this matter; or
- Disclosed to any person or entity not expressly authorized in Section 7.1 of this Order.

**(d) Unsealing or downgrading the Confidential – Designated Persons Only designation.** Doe Identity Information and any Protected Information revealing John Doe's identity may **not** be downgraded from **"CONFIDENTIAL – SPECIFIC DESIGNATED RECIPIENTS ONLY – SUBJECT TO COURT ORDER"** or disclosed beyond the designated recipients identified in Section 7.1 without a prior written order of this Court. Any challenge to the designation must follow the procedures in Section 6 and bears the burden of proof on the party seeking to downgrade confidentiality.

2. DEFINITIONS

2.1 "Doe Identity Information."

"Doe Identity Information" means information that may, on its own or in conjunction with other information, identify John Doe, including: Legal name, postal street address, city, state, and ZIP code, telephone numbers, email addresses, secondary email addresses, billing or payment data, account numbers, customer IDs, usernames, login identifiers, technical or account information, device identifiers, and IP addresses or logs.

2.2 "Protected Information."

"Protected Information" means Doe Identity Information and any other information that could directly or indirectly reveal Doe's identity or control over the account associated with the URL(s) in Exhibit A, plus any copies, summaries, notes, excerpts, metadata, audit logs, or analyses derived from such information.

2.3 "Doe-Linked URLs."

"Doe-Linked URLs" means exclusively the URLs identified in Exhibit A that:
- Appear in Shueisha's DMCA takedown notice, and
- Are actually associated with John Doe's Cloudflare account.

2.4 Outside Counsel of Record.

"Outside Counsel of Record" means attorneys who are admitted to practice in the United States, and have appeared or will appear as counsel for Shueisha in this matter or any resulting U.S. copyright infringement lawsuit.

"Outside Counsel of Record" does not include:

- In-house counsel or corporate employees of Shueisha;
- Foreign-admitted counsel or foreign agents;
- Investigators, vendors, contractors, or consultants;
- Affiliates or subsidiaries of the Subpoenaing Party;
- Industry associations, collecting societies, or governmental authorities.

2.5 Shueisha Decision-Maker.

"Shueisha Decision-Maker" means a senior manager, officer, or in-house counsel of Shueisha Inc. whose role includes authority to decide whether to pursue settlement, licensing, litigation, or other enforcement with respect to potential copyright claims. A "Shueisha Decision-Maker" must meet all of the following criteria:

**Identification and internal listing.** Before any individual at Shueisha is given access to Doe Identity Information or Protected Information as a Shueisha Decision-Maker, Shueisha shall record that person's full name, position/title within Shueisha, primary business location, and business contact information in an internal list of Shueisha Decision-Makers. **(b) Execution of Acknowledgment.** Each Shueisha Decision-Maker must execute the Acknowledgment and Agreement to Be Bound (Exhibit B) before accessing any Protected Information and must remain bound by all terms of this Order.

**(c)    Limited Number.** No more than five (5) Shueisha Decision-Makers may access Doe Identity Information or any other Protected Information without further written order of this Court. Any request to increase the number of authorized Decision-Makers beyond five requires a separate motion to this Court with a particularized showing of necessity.

**(d)    Internal Access Log.** Shueisha shall maintain and preserve a contemporaneous internal Access Log documenting:

- The name and title of each Shueisha Decision-Maker who accessed Doe Identity Information or Protected Information;
- The date and time of each access;
- The duration of access;
- The materials accessed; and
- Any downloads, exports, or copies made during the session.

Shueisha shall provide this access log to John Doe's counsel upon request and shall produce it to this Court upon motion or as otherwise directed by the Court.

**(e)** **No Delegation.** A Shueisha Decision-Maker may not delegate access to or share Doe Identity Information or Protected Information with any other person, including other employees, contractors, or agents of Shueisha.

2.6 "Subpoenaing Party."

"Subpoenaing Party" means Shueisha Inc. and its Outside Counsel of Record.

2.7 Receiving Party.

"Receiving Party" means any party or person who receives Doe Identity Information or Protected Information under this Order, including Outside Counsel of Record, Shueisha Decision-Makers, and the Court.

2.8 Access Log.

"Access Log" means a contemporaneous written record maintained by Shueisha documenting each instance of access to Protected Information by a Shueisha Decision-Maker, including the date, time, duration, identity of the accessor, materials accessed, and any copies or exports made. The Access Log must be maintained in a secure manner and produced to John Doe's counsel and/or the Court upon request or as otherwise ordered.

3. SCOPE

3.1 Coverage.

The confidentiality and use restrictions in this Order apply to:
- Doe Identity Information and Protected Information itself;
- Any copies, excerpts, summaries, notes, metadata, access logs, or compilations that reveal

Doe Identity Information and Protected Information;

- Any testimony, written communications, or presentations that would disclose Doe Identity Information and Protected Information;
- Any derivative use or further analysis based on Doe Identity Information and Protected Information; and
- Any material produced by the Service Provider (Cloudflare) in response to the 512(h) subpoena.

3.2 Exclusions from Scope.

This Order does not restrict:

- Information that is in the public domain prior to production under this Order; or
- Information that was lawfully known to the Receiving Party before this disclosure.

Notwithstanding the above, no Receiving Party has any right to affirmatively disclose, publish, or disseminate Doe Identity Information or any Protected Information, even if it later appears in the public domain through a third party's wrongful act.

3.3 Subject-Matter Scope of Protective Order.

This Protective Order is limited to information related to:

- The specific Doe-Linked URLs listed in Exhibit A hereto;
- Account information directly associated with the Doe-Linked URLs only.

4. DURATION OF CONFIDENTIALITY OBLIGATIONS

4.1 Continuing Obligation.

The confidentiality restrictions, prohibitions on use, and access limitations imposed by this Order remain in full force and effect unless and until modified by further written order of this Court upon a showing of good cause.

4.1(a) Obligations in Future-Filed U.S. Case.

Until a future protective order is entered in any U.S.-filed copyright infringement action, Shueisha may identify Doe only to the extent necessary to satisfy applicable pleading and service requirements.

4.2 Express Survival of Prohibited Uses. The prohibitions contained in Section 1.2(a) survive the

filing of any U.S. copyright infringement lawsuit or any disclosure of Doe Identity Information disclosed by Service Provider in response to the subpoena.

4.3 Survival of Obligations After Destruction.

Even after Protected Information is destroyed pursuant to Section 13.2 below, each Receiving Party remains bound by the use restrictions and confidentiality obligations of this Order. No Receiving Party may use knowledge gained from Protected Information (nor any derivative conclusions) for any purpose outside those expressly permitted by Section 1.1.

5. DESIGNATION OF PROTECTED MATERIAL

5.1 Automatic Confidential Status.

All Protected Information, including Doe Identity Information, is automatically designated

**"CONFIDENTIAL – SPECIFIC DESIGNATED RECIPIENTS ONLY – SUBJECT TO COURT ORDER"**

and may only be disclosed to the Authorized Recipients identified in Section 7.1(a)-(e).

5.2 Inadvertent Omissions.

If any Protected Information is produced without an AEO legend or similar marking, it is still Protected Information and subject to this Order. The producing Service Provider or Doe's counsel may correct the designation, and all Receiving Parties must treat it as AEO from the outset.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Meet and Confer Requirement.

If Shueisha believes a portion of Protected Information has been over-designated and does not actually reveal Doe Identity Information or other identity-related information, Shueisha shall provide written notice to John Doe's counsel. The notice must:

- Explicitly state that it is a confidentiality designation challenge under this paragraph;
- Identify the specific material and explain why it is believed not to be Protected Information; and
- Be followed by good-faith voice-to-voice discussion between counsel within 14 days.

6.2 Judicial Intervention

If the parties cannot agree, they may file a joint letter brief in compliance with the Court's Standing Order on Discovery Disputes. The burden of proof remains on Shueisha to show that the material is not Doe Identity Information or Protected Information, or the basis for the need for additional investigation and the specific additional investigation Shueisha would take and to whom Doe's Identity Information or Protected Information is sought to be disclosed. Failure to file within 21 days results in waiver of the challenge. Frivolous challenges and those made for an improper purpose are subject to sanctions.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Authorized Recipients Only.

Doe Identity Information and Protected Information may be accessed and reviewed only by:

**(a) Court Personnel:** This Court, its staff, and appointed judicial officers;

**(b) John Doe's counsel:** Counsel representing John Doe, their necessary legal staff, and expert consultants or investigators who have signed the Acknowledgment and Agreement attached as Exhibit B;

**(c) Shueisha's Outside Counsel of Record:** U.S.-admitted counsel retained by Shueisha who have signed the Acknowledgment and Agreement attached as Exhibit B, and are responsible for ensuring that Doe Identity Information is shared only with the limited Shueisha Decision-Makers;

**(d) Shueisha Decision-Makers (Limited): No more than five (5)** senior officers or managers of Shueisha Inc. whose role includes decision-making authority regarding settlement, licensing, or litigation, each of whom must satisfy the definition and requirements of a "Shueisha Decision-Maker" in Section 2.5 and must execute the Acknowledgment and Agreement to Be Bound (Exhibit B) before accessing any Doe Identity Information or other Protected Information.

**(e) U.S. federal copyright enforcement authorities**, acting within their lawful authority: 1) for the sole purpose of protecting Shueisha's intellectual property rights in connection with Doe-Linked URLs identified in Exhibit A hereto, and in accordance with Section 1.1; 2) only for the time period of the earliest known appearance of the allegedly infringing content through the date

the 512(h) subpoena was issued to Cloudflare.

**Prohibited Recipients:** Protected Information may **not** be disclosed to:

- In-house counsel, corporate employees, officers, or directors (except the five identified Shueisha Decision-Makers per Section 7.1(d));
- Investigators, vendors, contractors, or consultants;
- Affiliates or subsidiaries of Shueisha;
- Industry associations, collecting societies, or anti-piracy organizations;
- Foreign counsel or agents;
- Any other person or entity not explicitly listed above.

7.2 Storage and Security.

Doe Identity Information and Protected Information shall be stored and processed under encryption and tamper-evident access logs, on systems controlled by Outside Counsel of Record.

7.3 Final Compliance Certification.

Within 10 days after destruction is required under §13.2, the Subpoenaing Party's Outside Counsel of Record shall serve on John Doe's counsel a declaration, made pursuant to 28 U.S.C. §1746, certifying that: (a) all Doe Identity Information and Protected Information has been destroyed; and (b) no Doe Identity Information or Protected Information was disclosed outside AEO recipients authorized by this Order.

7.4 Access Controls.

Doe Identity Information and Protected Information shall be:

- **Subject to automatic, tamper-evident access logging** that records:
  - The identity of each person accessing Doe Identity Information and Protected Information;
  - The date, time, and duration of access;
  - Which files or materials were accessed;
  - Any downloads, copies, exports, or printouts made; and
  - Any failed access attempts;
- **Subject to Shueisha's internal Access Log** (as defined in Section 2.8), which must be

maintained concurrently and produced to John Doe's counsel upon request. All access logs (both electronic system logs and Shueisha's internal record) shall be preserved and produced to Doe's counsel or this Court upon motion or as otherwise ordered. Failure to maintain accurate logs or evidence of tampering with logs may result in sanctions, contempt findings, or termination of Shueisha's access rights.

7.5 Responsibility of Shueisha's Outside Counsel of Record.

Shueisha's Outside Counsel of Record is solely responsible for:

- Ensuring that only the identified Shueisha Decision-Makers access Doe Identity Information and Protected Information;
- Verifying the identity of each Decision-Maker before access;
- Maintaining accurate records of all access, consistent with the Access Log requirements in Section 2.8;
- Ensuring each Decision-Maker executes the Acknowledgment (Exhibit B) before any access;
- Preventing any unauthorized onward disclosure to persons not listed in Section 7.1;
- Immediately reporting any unauthorized access, disclosure, or violation to John Doe's counsel and the Court; and
- Certifying compliance with all Access Log and audit requirements in the Final Compliance Certification under Section 7.3.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED ELSEWHERE.

8.1 Notice of Third-Party Demand or Subpoena

If any person in possession of Doe Identity Information or Protected Information receives a subpoena, discovery request, demand, or court order from any other court, tribunal, agency, arbitration body, or party seeking Doe Identity information or other Protected Information, that person must:

(a) **Immediately notify.** Promptly notify John Doe's counsel in writing and provide a copy of the subpoena or demand;

(b) **Provide notice to requesting party.** Promptly provide the party issuing the subpoena

or demand with a copy of this Order and inform them that the material is subject to a protective order;

**(c) Cooperate in seeking protection.** Allow this Court to have a reasonable opportunity to enter a protective order or assert protection before any disclosure occurs. A person served with a subpoena or demand for Doe Identity Information or Protected Information shall not produce Doe Identity Information or Protected Information unless and until:

- This Court expressly orders production, or
- John Doe consents in writing, or
- The time for seeking protection from this Court has expired and no protection has been obtained; and

**(d) Preserve the record.** Keep this Court informed of any third-party demand and of the steps being taken to protect Doe Identity Information.

8.2 Burden on Designating Party

John Doe bears the burden and cost of seeking protection from any court or tribunal. Shueisha shall cooperate in any such effort by, at minimum, notifying John Doe's counsel promptly and not contesting John Doe's right to seek protection.

9. PROTECTION OF SERVICE PROVIDER'S PRODUCTION

9.1 Service Provider.

Cloudflare, Inc. (the Service Provider) is not a signatory to this Order but is intended to be a beneficiary of its protections. Cloudflare's production of Doe Identity Information or other Protected Information is made directly to Outside Counsel of Record under the terms and protections of this Order.

All Doe Identity Information and Protected Information produced by Cloudflare is automatically treated as confidential and subject to all protections herein.

10. UNAUTHORIZED DISCLOSURE

If any Receiving Party learns that Protected Information has been disclosed, accessed, copied, exported, or transmitted in violation of this Order, that Receiving Party must:

(a) Immediately notify John Doe's counsel, in writing, of discovery of the unauthorized disclosure or access, providing:

- A description of what information was disclosed or accessed;
- When the disclosure or access occurred;
- To whom or to what location it was disclosed; and
- The identity of any person responsible for the disclosure.

(b) Take all reasonable steps to:

- Retrieve all unauthorized copies;
- Prevent further dissemination; and
- Secure the information and sequester it.

(c) Inform all recipients that the material is subject to this Order and must remain confidential.

(d) Provide a sworn declaration under 28 U.S.C. § 1746 describing:

- The nature and scope of the unauthorized disclosure;
- All persons who received the information;
- All remedial steps taken; and
- Whether the disclosing party believes the unauthorized recipient can or will comply with this Order.

## 11. INADVERTENT PRODUCTION / CLAWBACK

If privileged, work-product, or otherwise legally protected material is inadvertently produced, Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 apply. The producing party or Service Provider may provide notice of the inadvertent production, and all Receiving Parties must promptly return or destroy the material. Such inadvertent production does not constitute waiver of privilege or protection.

Nothing in this Order waives any objection to scope, burden, jurisdiction, venue, personal jurisdiction, service, admissibility, proportionality, or the merits.

## 12. MISCELLANEOUS PROVISIONS

12.1 Pre-Suit Notification.

If Shueisha intends to file a U.S. copyright action using Doe Identity Information, Shueisha must give Doe's counsel written notice in advance or contemporaneously with the filing. Such pre-suit notification allows Doe to evaluate the attendant harms of disclosure of his identifying information and seek appropriate relief promptly in such future U.S. case.

12.2 No independent source.

Shueisha's own public filing of Doe Identity Information in connection with a U.S. copyright infringement lawsuit does not become an independent source that frees it from the use/disclosure limits in this Order, including but not limited to prohibited uses contained in Section 1.2(a), in connection with Service Provider's production, unless and until further order of this Court.

12.3 Compliance is Not Admission.

This Order imposes no obligations regarding the merits of any potential copyright claim and does not constitute an admission by John Doe or Shueisha regarding:

- Infringement or non-infringement;
- Copyright ownership;
- Jurisdiction or venue;
- Willfulness or good faith;
- Damages;
- Any other substantive or procedural issue.

12.4 Filing Under Seal.

Protected Information, including Doe Identity Information, may not be filed publicly, unless and until Shueisha files a U.S. copyright infringement lawsuit in the United States. Any future filing in this case (4:25-mc-80147) that would reveal Protected Information or Doe Identity Information must be submitted under seal and must comply with Fed. R. Civ. P. 5.2 and Civil L.R. 79-5. Public versions shall redact Doe's identity, and the public docket shall continue to refer to Doe as "John Doe."

12.5 Cost Allocation / No Duty To Create New Data.

The Service Provider shall not be required to generate new reports, run new scripts, or compile new datasets beyond what exists in the ordinary course of business. Reasonable production

costs may be shifted to the Subpoenaing Party, subject to fee motion if disputed.

12.6 Right to Further Relief.

Nothing in this Order precludes any person from seeking modification, clarification, or relief from this Court at any time. Any such request must be made by written motion and must be served on all parties.

12.7 Court Control Over Modification.

Only this Court may modify any provision of this Order.

13. FINAL DISPOSITION

13.1 Termination of this Order.

This protective order remains in effect and does not terminate unless and until modification or termination by this Court and upon a showing of good cause.

13.2 Destruction of Protected Information

13.2(a) Destruction Deadline

Within 30 days after the later of:
- Termination of this order pursuant to Section 13.1;
- The expiration of the statute of limitations for Shueisha to file a U.S.-based copyright infringement lawsuit against Doe; or
- Final judgment and exhaustion of appeals in any U.S. copyright infringement action filed by Shueisha against John Doe based on the Doe-Linked URLs,

each Receiving Party must destroy all Protected Information, including all copies, summaries, notes, metadata, access logs, audit logs, and any other material revealing Doe Identity Information or other Protected Information.

13.2(b) Archival Exception

Notwithstanding the above:
- John Doe's counsel may retain one archival copy for record-keeping, litigation history, and enforcement of this Order; and
- This Court may retain sealed filings and materials in its records.

All archival copies remain subject to the full confidentiality and use restrictions of this Order,

indefinitely.

13.3 Destruction Certification and Audit

The Final Compliance Certification required by Section 7.3 shall be served on John Doe's counsel after destruction is completed under Section 13.2. The certification must include:

**(a) Destruction Certification:**

- All Protected Information and all copies, summaries, notes, metadata, and access logs that would reveal Doe Identity Information have been destroyed;
- One archival copy (if retained) is held only by John Doe's counsel and remains subject to this Order.

**(b) Compliance Certification:**

- No Doe Identity Information or Protected Information was disclosed to unauthorized persons;
- All Shueisha Decision-Makers and their access complied with the restrictions in this Order;
- Shueisha maintained accurate internal Access Logs consistent with Section 2.8 throughout the period of access; and
- Failure to timely or accurately certify, or evidence of non-compliance revealed by the Access Log review, may result in immediate sequestration or destruction of Doe Identity Information and Protected Information and in sanctions.

**(c) Access Log Production:**

- A copy of Shueisha's complete internal Access Log (as defined in Section 2.8) shall be produced to John Doe's counsel concurrently with the Final Compliance Certification, so that John Doe may independently verify compliance.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

DATED: _____, 2025         **KRONENBERGER ROSENFELD, LLP**

By: _____
Leah Rosa Vulić

Attorneys for John Doe

DATED: _____, 2025      **GAMMA LAW, P.C.**

s/_____
Marco Martemucci

**PURSUANT TO THE FOREGOING AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

DATED: _____

_____

Hon. Thomas S. Hixson, United States Magistrate Judge

Northern District of California

# EXHIBIT A

## John Doe URLs

Doe-Linked URLs referenced in Shueisha's DMCA takedown notice and in the §512(h) subpoena to Cloudflare, consisting solely of the URL(s) actually associated with John Doe's Cloudflare account:

https://www.mangajikan.com/chapter-441853.html

https://jpoo.alammanga.com/JP00/120647/3nfi22cjai.jpg.

# EXHIBIT B

## Acknowledgment and Agreement to Be Bound

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____