UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUEISHA INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>DMCA SUBPOENA TO CLOUDFLARE, INC.,<br><br>        Defendant. | Case No. 25-mc-80147-YGR  (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 20 |

In ECF No. 14, Judge Gonzalez Rogers denied Doe's motion to quash and ordered the parties "to, within thirty (30) days of this Order, meet and confer and submit a proposed protective order to the Court that prohibits the disclosure and use of John Doe's identity for any purpose unrelated to the purpose of the subpoena." ECF No. 14 at 4. The parties filed a joint discovery letter brief with competing proposed orders. ECF No. 16. The Court found neither proposed order acceptable and instead issued an order to provide the parties further guidance. ECF No. 19. The parties have now filed a further joint discovery letter brief with competing proposed orders. The Court rules as follows.

First, as the Court previously stated, the purpose of the subpoena is defined by the attestation Shueisha had to make to obtain it: "the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title." 17 U.S.C. § 512(h)(3). "[T]his title" means title 17 of the United States Code, so only U.S.-based copyright claims are within the purpose of the subpoena. Foreign litigation is outside of that scope. Thus, Shuesisha's proposal that it could use protected information to file a copyright action in a foreign court is rejected.

Second, filing a U.S.-based copyright claim does not cause the protections of the protective

order to evaporate.  They remain in place; otherwise, Shueisha's attestation was false.  It is not acceptable for Shueisha to make an attestation that it will use the requested information "only" for one purpose and then later change its mind.

Third, Doe's 19-page proposed protective order is excessive.  For example, his section 1.2(a) would bar Shueisha from including any non-copyright causes of action in a complaint against him.  However, it is common for U.S. copyright plaintiffs to include related causes of action, and the ability to assert copyright and non-copyright claims in a single action is protective of rights under title 17.  His section 1.2(b) micromanages what Shueisha's experts can do with protected information.  His proposed section 2.5 heavily micromanages Shueisha's internal operations.  His section 3.1 would have this Court effectively superintending trial presentation and the use of evidence in another court's case.

Fourth, Shueisha's proposed order states that "protected information" may be filed publicly in a copyright infringement action.  Certainly, Shueisha may sue Doe by name in a U.S.-based copyright claim.  However, protected information also includes his email address, phone number, financial information, and so on.  Those items are generally not suitable for a public filing.

Accordingly, the Court modifies Shueisha's proposed order and enters that as the protective order in this case.

**IT IS SO ORDERED.**

Dated: February 2, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge